James (Jaime) Gutierrez, Esq. (SBN 240439)
**Gutierrez Law Firm**
301 W. Mission Blvd., Ste. 8
Pomona, CA 91766
(909) 791-1313
(909) 791-1314 – FAX
Email: jpsglaw@gmail.com

Attorneys for Plaintiff
JOCELYN ESPARZA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOCELYN ESPARZA,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>CITY OF MONTEBELLO;<br>MONTEBELLO POLICE<br>DEPARTMENT; OFFICER TYNI;<br>OFFICER JOSETT and DOES 1<br>through 10, inclusive,<br><br>　　　Defendants.<br>_____ | **Case No. 2:23-cv-00273 Esparza v. City of Montebello**<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. Violation Of 42 U.S.C. § 1983; Fourth Amendment Rights – False Arrest / Unreasonable Seizure of Person;<br>2. Violation Of 42 U.S.C. § 1983; Failure To Properly Train / Hire / Fire / Discipline;<br><br>**JURY TRIAL DEMANDED** |

**COMES NOW** Plaintiff Jocelyn Esparza and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

COMPLAINT FOR DAMAGES
1

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3. Plaintiff Jocelyn Esparza, hereinafter referred to as "ESPARZA" or "Plaintiff ESPARZA," is a natural person, who, at all times complained of in this action, resided in the Central District of California.

4. Defendant City of Montebello hereinafter also referred to as "CITY" is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

5. Defendant Montebello Police Department hereinafter also referred to as "DEPARTMENT" is a municipal law enforcement agency in the State of California; within the territorial jurisdiction of this court.

6. Defendant CORPORAL TYNI (#1357) and CORPORAL JOSETT (#1399), hereinafter also referred to as "TYNI" and "JOSETT", are, and at all times complained of herein, were, peace officers employed by the Montebello Police Department, acting as persons under the color of state law, in their individual capacity and were acting in the course of and within the scope of their employment with Defendant CITY.

7. Defendants DOES 1 through 10, inclusive, are sworn peace officers and / or police officers and/or deputy sheriffs and/or investigators and/or Special Officers and/or a dispatchers and/or some other public officer, public official or employee of defendants CITY / DEPARTMENT and/or otherwise employed by the Montebello Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8. At all times complained of herein, DOES 1 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Covina Police Department, and were acting in the course of and within the scope of their employment with defendants CITY / DEPARTMENT.

9. In addition to the above and foregoing, Defendants TYNI, JOSETT and DOES 1 through 10, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

COMPLAINT FOR DAMAGES
3

12. Defendants TYNI, JOSETT and DOES 1 through 10, inclusive, acted in joint and concerted action to deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

13. Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(Against PINEDA and DOES 1 through 6, inclusive)**

14. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13, inclusive, above, as if set forth in full herein.

15. At approximately 10:00 .m. on July 4, 2020, ESPARZA was sitting with her children, outside her apartment, at 833 S. Taylor Ave., Montebello, CA..

16. ESPARZA and her children were watching the fireworks on the street in front of their apartment.

17. ESPARZA had a box of fireworks she had just purchased from a sanctioned vendor down the street.

18. Montebello Police Department Officers TYNI and JOSETT approached ESPARZA and demanded that she give them her fireworks, because they said they were illegal.

19. ESPARZA informed TYNI and JOSETT that she bought the fireworks by her from a local Montebello vendor.

20. EPARZA showed TYNI and JOSETT the receipt she was given from the Montebello vendor.

21. ESPARZA tried to inform TYNI and JOSETT that her fireworks were legal, according to Montebello law.

22. TYNI, JOSETT AND DOES 1 through 10 arrested ESPARZA for California Health and Safety (H&S) Code Section 12700(b)(1) (Violation of Fireworks and Pyrotechnic Devices-Part 2) and Penal Code (PC) Section 148(a)(1) (Delaying or Obstructing A Public Officer, Peace Officer…).

23. The Montebello Police Department filed the above charges against ESPARZA in the East Los Angeles Court.

24. The above charges against ESPARZA were dismissed on January 12, 2021.

25. TYNI, JOSETT and DOES 1 through 10, inclusive, lacked probable cause or any other legal authority to seize and detain ESPARZA.

27. Defendants TYNI, JOSETT and DOES 1 through 10, inclusive did not have probable cause or reasonable suspicion that ESPARZA had violated any public offense.

28. As complained of herein above, Defendants TYNI, JOSETT and DOES 1 through 10, inclusive, had no warrant for ESPARZA' arrest, nor probable cause to believe that ESPARZA had committed a crime, nor reasonable suspicion that ESPARZA was a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by ESPARZA.

29. Accordingly, the seizure of ESPARZA by Defendants TYNI, JOSETT and DOES 1 through 10, inclusive, at her home by use of force constituted an unlawful and unreasonable seizure of the Plaintiff, in violation of his rights under the Fourth Amendment to the United States Constitution.

30. As a direct and proximate result of the actions of Defendants TYNI, JOSETT and DOES 1 through 10, inclusive, as complained of herein, ESPARZA: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $750,000.00.

31. The actions by said defendants were committed maliciously, oppressively and in reckless disregard of ESPARZA' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial which is in excess of $250,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**

COMPLAINT FOR DAMAGES
6

**(Against CITY)**

32. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 31, inclusive, above, as if set forth in full herein.

33. As complained of herein above, the acts of Defendants TYNI, JOSETT and DOES 1 through 10, inclusive, deprived ESPARZA of his rights under the laws of the United States and The United States Constitution.

34. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted ESPARZA. Specifically, to recognize when someone is a danger to themselves or others.

35. CITY was deliberately indifferent to the obvious consequences of its failure to train, discipline and/or terminate its peace officer employees adequately.

36. The failure of CITY to provide adequate training, discipline and/or terminate its officers caused the deprivation of ESPARZA' rights by TYNI, JOSETT and DOES 1 through 10, inclusive.

37. CITY's failure to train, discipline, and/or terminate is closely related to the deprivation of ESPARZA' rights as to be the moving force that ultimately caused ESPARZA' injuries.

38. As a direct and proximate result of the actions of Defendants TYNI, JOSETT and DOES 1 through 6, inclusive, as complained of herein, ESPARZA: 1) was

substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $750,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $750,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $250,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____/S/ James Gutierrez_____ _
JAMES GUTIERREZ

COMPLAINT FOR DAMAGES
8